# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2012

No. 12-60008
Summary Calendar

Lyle W. Cayce
Clerk

ROEL BAUDILIO PEREZ-MEHIA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 062 152

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Roel Baudilio Perez-Mehia, a native and citizen of Guatemala, petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) denial of his application for withholding of removal. He contends that the IJ and BIA erred in denying his application for withholding of removal because he established past persecution on account of his membership in a particular social group and there is a clear probability of future persecution against him if he is returned to

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60008

Guatemala.  The BIA determined that Perez-Mehia failed to establish that he was a member of a particular social group because the defined group of "non-criminals" was overly broad, lacked particularity and social visibility, and was not marked by common immutable characteristics.  The BIA additionally found that Perez-Mehia failed to show a nexus between his membership in such a group and the violence he would face at the hands of gang members.  Before this court, Perez-Mehia has not challenged the basis for the BIA's denial of relief, and thus such claims are abandoned.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).  To the extent Perez-Mehia attempts to refine his particular social group by references to his age and gender, such claims are unexhausted because they were not presented to the BIA.  *See Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009).

Moreover, Perez-Mehia has failed to show that the record compels a finding that the BIA erred in its conclusion that Perez-Mehia was not entitled to withholding of removal.  We review the BIA's decision and will consider the IJ's underlying decision only if it influenced the determination of the BIA.  *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002).  The BIA's legal conclusions are reviewed de novo and its findings of fact, such as an alien's eligibility for withholding of removal, are reviewed under the substantial evidence test.  *Efe v. Ashcroft*, 293 F.3d 899, 903, 906 (5th Cir. 2002).  The substantial evidence test requires that the decision be based on the evidence presented and that the decision be substantially reasonable.  *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).  We will affirm the BIA's determination "unless the evidence compels a contrary conclusion."  *Id.*

To qualify for withholding of removal, the alien "must demonstrate a 'clear probability' of persecution upon return."  *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004).  "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of

2

either his race, religion, nationality, membership in a particular social group, or political opinion." *Roy*, 389 F.3d at 138.

The BIA's determination that Perez-Mehia failed to establish his eligibility for withholding of removal is supported by substantial evidence. *See Efe*, 293 F.3d at 906. The BIA did not err in determining that the social group proposed by Perez-Mehia was not a particular social group for purposes of the Immigration and Nationality Act because it did not possess the requisite immutability, social visibility, or particularity. *See Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006). Further, the BIA's determination that Perez-Mehia's status as a non-criminal had no bearing on the possibility that he would face violent acts from gang members is supported by substantial evidence. *See Orellana-Monson v. Holder*, 685 F.3d 511, 522 (5th Cir. 2012). Consequently, Perez-Mehia's petition for review is DENIED.